UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES KARO,

                    Petitioner,                      **ORDER**

                - against -                   07-CV-4383 (NGG)

F. NAPOLI, Superintendent, Southport
Correctional Facility,

                    Respondent.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On September 8, 2008, the court directed pro se petitioner James Karo ("Petitioner") to show cause why the statute of limitations should not bar his petition, filed on September 21, 2007, when the last date for him to file a timely petition under AEDPA was April 24, 1997. Specifically, the court advised Petitioner that the limitations period could be tolled if Petitioner could demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time" and that (ii) he "acted with reasonable diligence throughout the period he seeks to toll." See Smith v. McGinnis, 208 F.3d at 13, 17 (2d Cir. 2000).

In response, Petitioner has submitted an unintelligible affirmation consisting of four pages of handwritten comments, a sample of which is provided in the margin.[1] He has also submitted medical records demonstrating that he suffers from mental illness and is also mildly mentally retarded.

The Second Circuit has not yet provided guidance regarding when a psychiatric condition

---

[1] "As the D.A. states also a none unintelligence we which she not intelligent to oppose my habeas corpus motion relief (reliefs) merits if my ground are not intelligence of of course she had no — (state) statements shoulders of intelligence of state welfare seventeen we which as she could have oppose such grounds of my state habeus corpus in otherword(s)." (Pet. Aff. at 1.)

can constitute an "extraordinary circumstance" sufficient to justify tolling of AEDPA's Statute of Limitations.[2] However, even if a psychiatric or mental condition can constitute an "extraordinary condition," Petitioner must still demonstrate that he acted with reasonable diligence throughout the period he seeks to toll. In this case, Petitioner must show that he was reasonably diligent for a more than ten-year period between April 24, 1997 and September 21, 2007.

The documents submitted by Petitioner demonstrate that although in the early 1990s Petitioner was classified by the State of New York as suffering from a "major mental disorder," in mid-1998 he was discharged from psychiatric supervision and he was thereafter characterized until at least March 1999 as suffering only from a psychiatric disorder such as "anxiety, mild depression, adjustment disorders, or life circumstance problems." (Pet. Aff. Exh.) Moreover, Central New York Psychiatric Center outpatient treatment notes from 2002 demonstrate that Petitioner was at that time working on an Article 78 petition, and the Respondent has submitted to the court motions filed by Petitioner in New York State court in 2003.

---

[2] See Rios v. Mazzuca, 78 Fed.Appx. 742 (2d Cir. 2003) (unpublished summary order) ("Although one circuit has held that mental illness may qualify as an "extraordinary circumstance" sufficient to equitably toll the limitation period under the AEDPA, see Calderon v. United States District Court, 163 F.3d 530, 541 (9th Cir.1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003), we have not yet had occasion to address the question.")

If Petitioner was capable of filing state court motions in 2003, he was also clearly capable of filing motions in federal court at that time. Petitioner has therefore not satisfied his burden to show that he was reasonably diligent throughout the period he seeks to toll. The Petition is therefore dismissed. As Petitioner has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October /D, 2008  
Brooklyn, New York

s/Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge